23-3273. All right, I think we can go ahead. Please proceed. Judge, I please the court. My name is Dan Hansmeier and I'm here on behalf of the appellant Gary Jordan. This case involves the dismissal of a federal habeas prisoners attempt to withdraw his plea based on surreptitious pre-plea government misconduct. The district court dismissed the claim because the prisoner, Gary Jordan, did not allege or attempt to prove that his attorney was ineffective. As the district court saw it, Mr. Jordan could only withdraw his plea if he could prove ineffective assistance of counsel, even though his basis for withdrawing the plea had nothing to do with his attorney's ineffectiveness. Mr. Jordan appealed this procedural ruling and Judge Hartz granted a certificate of appealability to address one question, one procedural question, which is whether the district court erred in concluding Jordan could challenge the constitutionality of his guilty plea only via an ineffective assistance of counsel claim. The straightforward answer to this question is yes. Okay, but you you would agree if the plea was the attempt to withdraw was based on the government's pre-plea conduct, then you would not be able to appeal other than through an ineffective assistance of counsel argument. If the, I'm not sure I understood that quite, if the district court had said that? Nope. Okay, so if your claim was based on pre-plea conduct by the government, if you say it was involuntary because of the government's conduct. Okay. You would only be able to pursue that through ineffective assistance. No, that's wrong. That's, that's not, if I'm understanding the question, I disagree with that. I do agree that we could not raise the substantive claim. I agree with that. So, because Jordan pleaded unconditionally, pleaded open, that constitutional claim, the substantive claim, he waived that. I agree with that. But I don't agree that that, that it can't be the basis to challenge the plea. No, I understand. I, that's, I think you misunderstood my question. Okay. Because you have a, you have a very nuanced position here. Because ultimately, your position that you're challenging just the plea itself, the knowing and voluntary nature of the plea itself, is based on government misconduct. Yes. And, but there are other cases where the government may have done things that are unseemly or inappropriate that cannot be challenged in this context, unless you challenge them via an ineffective assistance of counsel claim. Right? I mean, that's one way of saying it. Yeah. Okay. I mean, I think it's confusing to even loop in the ineffective assistance of counsel framework. Well, we have to, because that's the way the, that's the way the case comes to us, right? Well, it doesn't. We have to, we have to address that. I mean, I don't, we only, we're only addressing it because it was brought up by the district court below. I mean, we, we didn't raise. Right. No, I know. That's, I mean, but that's why we're here, because you disagree with the way the district court did it. Yeah, no, that's true. Yeah. And so, so your, your burden is to prove that the district court was wrong. Yes. Yeah. Yeah. But I think we've done that. You know, I think this court recently reaffirmed, just a year ago in Swan, that a defendant may challenge a guilty plea as unconstitutional for reasons other than ineffective assistance of counsel. That was the case where the, the government set on appeal that Strickland applies, and it only could, that issue could only be analyzed as an ineffective assistance of counsel claim. And this court said, no, the defendant, we take the claim as it comes. And that was an involuntary, an unconstitutional plea claim. And we have to consider that claim, not a Strickland claim. And I think this case is identical to that, although the underlying claim is not identical. The error made by the district court is the same error that government made in that case. I mean, your, your claim is one that is based on structural error. Right? Government, government engaged in misconduct, so without me doing anything else, I win. Well, we already lost that in Hone, right? Right. But I mean, how's your case different than that? Because Hone, because, well, Hone went to trial, it wasn't a plea case. Do you, do you agree that you have to show that your client was somehow prejudiced by, by the government misconduct that gives rise to your claim? So what we think, what we, what we think we have to show is two things. To, to show that the plea is involuntary, we think we have to show the government misconduct, that it occurred, and that, that misconduct influenced the defendant, the defendant's decision to plead guilty. So, so the plea claim is entirely different. But see, that could, that could happen in the other kinds of cases that we were talking about, where you had government, nefarious government conduct, but you, once you plead guilty, it goes away. The, the substantive claim goes away. Yes. But, but that doesn't mean that if that misconduct influenced the plea, you can't challenge the plea itself. I mean, that's the distinction, a challenge to the plea or a challenge to, you know, the conduct itself. It's a very fine distinction. I mean, I guess, I actually don't think it's that fine. I mean, and then, and then trying to, and, no, go ahead, never mind. No, no, go, please, you've got something else. No, I insist. I'm not sure that I have much else, to be honest with you. I think this is about the simplest appeal, although maybe nuanced, that I've, that I've argued in quite some time. I'm happy if somebody is confused or concerned. Give me some, I mean, put your facts aside. Give me another, do you have another example of when this, when you might bring this kind of appeal? Yeah, I mean, so there are, there's that line of cases. So there's the two cases from the Fourth Circuit, I think, Paler and Fisher. So the one, one case involved essentially a corrupt cop who was planning evidence. That was the government misconduct and the defendant claimed that if he had known about that, he wouldn't have pleaded guilty. And Fisher was something similar to that. I'm drawing a blank on Fisher. But those are essential, I mean, really, any, any type of misconduct and a claim that it... That is a claim, though, where there's apparent prejudice, where there's a, where there's an apparent effect on the defendant pleading guilty. Yours is one where you've pointed to nothing that, that the conduct would change. Other than, than a, than a statement that I wouldn't have pled guilty if I'd have known they were looking at my video. Yeah. I mean, that goes to the merits of, I'm not here arguing the merits of our claim. I don't know if it's a solid claim or not. We might lose it on remand. I get you. But, I mean, at some point, we sit here and, and say, gosh, you know, do we assume, what if we assume you're right? You know, is there, is there anything there? Because even below, there wasn't a claim that you were prejudiced, that there was anything. Because the landscape changed while you were litigating this case, right? Yeah. Yeah. I mean, I guess. I mean, some in your favor, some against you. Hone, arguably, against you because Schillinger is, is your premier case. Well, it, it is, but it isn't. I mean, this really isn't. I mean, it is in your briefing. Well, the, the claim is the plea claim. So, yes, on the substance, on that first prong, whether there was government misconduct, we're relying on Schillinger. But Hone and the structural air aspect of that doesn't come into play, I don't think. But I do want to know. So, this idea that. Hone was, Hone did, I mean, Hone changed things for you, didn't it? Because below, the position is, hey, we got a claim. It doesn't, we don't have to prove anything other than they did it. I don't think Hone changes Jordan's unconstitutional plea claim. Because I think he still has to prove government misconduct and that it influenced his plea. Now, here's sort of, I think, one, I don't know if this is another nuance, but. Let me ask you a question, Hone, before you get too far ahead of me. How do you ever prove that it influenced your plea if you can't prove that the government got something on you? Like the case you brought up. They were manufacturing evidence. They were making things up. I mean, if I'm a criminal defendant, and the government says, I got this guy. And you interview him. And he says, I've got your guy. You know, we've got the gun. We've got, his girlfriend's going to testify. And I've got her statement right here. And hands it to you. Then you take that back to your client. And he's like, uh-oh, that's false. But I'm concerned about this because a jury could believe it. In your case, does, I don't see how, like, it could ever even, in an evidentiary hearing, the fact that you were spied on is even relevant unless it had an effect. So, again, I mean, that is a merits-based question. And you might be right. It is. I don't know how that would play out. I don't know what the district court would think about that. But she did, the district court did not resolve the case on the merits. And that's all we want. Right. Whether we win or lose, I have no idea. Whether we can win, I have no idea. We just want the district court to resolve the case on the merits. I mean, isn't there some, isn't there some peak, though, at what the case is about? Because it seems to me in all of the examples where we have allowed these claims like you're talking about, you can look at the face of the claim, incompetency, manufacturing evidence, threats to people's family, that those things could have, are improper and could have an undue influence on the plea process. Whereas, I looked at a camera with no sound. I mean, like I said, there's no even allegation of prejudice. So how do, otherwise we're looking at every one of these cases. Everybody's going to say, hey, if the government wouldn't have done X, which is wrong, I wouldn't have pled guilty. Well, why not? I disagree with you on that because there's a huge difference between raising a claim and moving to withdraw your plea. A lot of people don't want to move to withdraw their plea because they're perfectly fine with the plea. They just want to challenge the underlying claim. So there were over a hundred of these things. I'm not sure anyone other than Gary Jordan moved to withdraw his plea. If they did, they're not, I don't think it's up here on appeal. So this was, this is sort of a unicorn of a guy who wants to withdraw his plea and go to trial. I don't know why. I don't know if it's a good idea. I don't know if he's going to get, you know, be allowed to do that. Our position is that the district court should address that claim on the merits. How can you address that when there's nothing to address? Let's get right down to it. Every one of his rights were thoroughly protected. His lawyer and the government lawyer did not know anything about this. So you can see that there's no prejudice, but you want to have a new trial. I don't follow your reasoning. Well, it's not my reasoning. It's Gary Jordan's reasoning. I mean, Jordan is the one who filed... You're his lawyer, and you're not being ineffective. You're here to present his side of the case. Right. I mean, I am. And not to stand up there and say, well, it's him, not me. It's you right now. Well, it's me claiming... My claim is a procedural claim. But what are you claiming? You're claiming nothing. You're claiming you want a new hearing after all the hearings that have been held and all the assurances that he was happy with everything that's happened. And now we discover subsequently that some people will look at a video, not the attorney in this case, and what does that get you? It doesn't get you anything. Well, I mean, I don't know what it gets me. We haven't had a hearing yet. Maybe the evidence comes out that the prosecutor did look at it. Maybe that doesn't matter. So, Judge Keller, remember, there is a finding. Judge Robinson made a finding in these cases that the privy to element was met because of the government's unwillingness to abide by discovery rules. So there is a finding that the attorneys... an adverse finding that the attorneys did look at the material. Not the attorney representing the government admissions. Yeah, no, that exists. That adverse finding exists in every one of these cases. So if that's true, why did the district court even bother addressing the fact that the three attorneys had submitted an affidavit saying that they were not privy to it and that they didn't look at it? They knew nothing about it. The district court didn't address that. I think she did, didn't she? Isn't that in her order? All the district court said was you have to show ineffective assistance of counsel. You haven't done that, so you lose. That's why we're here. My time has disappeared. Thank you. Good morning, Your Honors. Brian Clark for the United States. May it please the Court. Mr. Jordan's claim that his guilty plea was unknowing and involuntary because he was unaware of a Sixth Amendment violation that he alleges took place before he pled guilty is foreclosed by a long line of Supreme Court precedent, from the Brady Trilogy to Tillett to Ruiz. Now, I think one of the complications in this case and one of the big problems with Mr. Jordan's arguments on appeal is that he sort of changes and mischaracterizes what the district court did here and what his claim actually was. So he claims that the district court concluded in the abstract that Mr. Jordan could only challenge his guilty plea by showing ineffective assistance of counsel. That's not quite what the district court did. Rather, what the district court did was to examine Mr. Jordan's claim. And Mr. Jordan's claim, and this is on page 179 of the record, and I think taking a long, hard look at Mr. Jordan's claim will provide a lot of clarity in this case. The very first sentence of that claim is, quote, Petitioner asserts that the government's misconduct in violation of Petitioner's Sixth Amendment rights, as set full above, rendered his guilty plea unknowing. And what the district court said was, okay, we have a long line of precedent saying that a defendant's lack of awareness of certain government misconduct that predates his plea is not sufficient to render a guilty plea unknowing or involuntary. And then it turned its attention to the substantive Sixth Amendment claim. And I heard Mr. Hansmeier say that with respect to the substantive Sixth Amendment claim, indeed, Mr. Jordan had waived that claim. And the only, as this court said in space, the only avenue for the defendant to pursue that claim is through ineffective assistance of counsel. That was the district court's analysis. And so I think it's important here to sort of parse what exactly Mr. Jordan alleged below, and now what he's arguing on appeal. Because below, his claim was all about the fact that his guilty plea was not, quote, knowing. That was it. Now he's arguing that his guilty plea was rendered involuntary based on some pre-plea government misconduct. However, that claim is much like the claim in Talet in that it was an independent pre-plea constitutional violation that Mr. Jordan now leans on to say, well, I wouldn't have pled guilty if the government hadn't done this thing that I didn't know about. And that claim, the substance, the merits of that claim is foreclosed. The only way to pursue that Sixth Amendment claim is through ineffective assistance of counsel. The district court was right about that. And now Mr. Jordan argues that, you know, he should be able to claim that, you know, as long as his guilty plea was influenced by something that he learned about after the fact, that's sufficient for him to challenge his guilty plea as not knowing or involuntary. But that's simply not what the cases say. If you take a look at Brady, for example, there the defendant said that his guilty plea was coerced by the fact that the statute of conviction, the federal kidnapping statute, had an unconstitutional death penalty provision. What the Supreme Court said was, well, I'm sorry, that's not enough. Maybe that was a but-for cause of your plea, but that's not sufficient to render your guilty plea unknowing or involuntary. That's entirely consistent with what the district court said here and how it analyzed Mr. Jordan's claim. And the same is true in McMahon and Parker. In those cases, the defendants claimed that there was a confession that was unconstitutionally coerced for them. The Supreme Court said the same thing. That's not sufficient to show that your guilty plea was unknowing or involuntary. And so what is required under Brady, so, for example, even just taking Mr. Jordan's arguments on appeal on their face with respect to voluntariness, what's required under Brady is that for a defendant to show that his guilty plea is involuntary, he must show that it was induced or produced by government agents either through threats like physical threats or mental coercion that overbears the defendant's will and his desire to plead not guilty and go to trial. But that's just not the case that we have here. The gravamen of Mr. Jordan's claim, even most charitably, was twofold. One, that he didn't know certain facts about what the government had done, and two, that there was an alleged Sixth Amendment violation, but neither one of those provides a basis for withdrawing a guilty plea under the precedent. And with respect to your question, Judge Carson, about being able to take a peek at the substance of the claim, here I do think you are able to look at the substance of the claim because Mr. Jordan did not preserve the arguments that he's making on appeal. He didn't argue that his guilty plea was involuntary below. That wasn't his claim. You don't think that if you look at his pleadings below that they do a little mix and match of the terms knowingly and knowing and involuntary? So if you take a look at just the claim in the 2255 motion, the answer is no. He only argues that his guilty plea was unknowing. And then even if you look at the subsequent filing, so for example a motion for leave to amend his Section 2255 motion, which actually primarily related to his first claim, which isn't at issue here, and his Rule 60 motion, I mean the thrust of those is that his guilty plea was unknowing. Now where I think the involuntary piece does come into the mix candidly is in the district judge's ruling, where she says that a defendant's lack of awareness of certain pre-plea government conduct does not render a guilty plea unknowing or involuntary. But the district court did not pass upon the type of arguments that Mr. Jordan is making on appeal, that is to say that some government misconduct directly induced or produced his guilty plea. And I think those words are important. Those are the words that the Supreme Court used in Brady v. United States, induced or produced. It's not enough that a defendant simply say, well, it had some effect on my decision to plead guilty. In order to show that a guilty plea is involuntary based on government misconduct, the defendant has to allege and show that the government misconduct actually induced or produced the guilty plea. That's not what Mr. Jordan alleged, even if you assume that he, you know, meant to allege an involuntary in his claim, that's not what he alleged. He just says, had I known, then I wouldn't have pled guilty. But that's not induced or produced in the way that, for example, you know, a threat or some kind of, you know, mental coercion or anything like that. And so this type of claim, when you look at the cases and try and sort of put this type of claim in a particular bucket, this is very much like the claim in Talet, where it's an independent claim, that is to say independent of the plea. It's government misconduct that may have happened and it may have happened before the plea, but it doesn't have any direct connection to the defendant's guilty plea itself or those plea proceedings. And so it doesn't provide a basis for the defendant then later to come into court and disclaim all of the sort of sworn statements that he made during the plea process. And that's a really big deal and that's what the Supreme Court cases all stand for, that those admissions are really important and they're really hard to overcome afterwards Now I know that Mr. Jordan, in his reply, argues that this case is nothing like Talet and Talet is distinguishable because Talet involved a defendant who challenged the constitutionality of his conviction and not the knowing involuntary nature of his guilty plea. But in Talet itself, the Supreme Court expressly rejected that distinction and it did so when it extended and applied the Brady Trilogy to the case in Talet. And I'm happy to keep going unless there are questions. I think, and feel free to interrupt me, I think with respect to, Mr. Hansmeier mentioned the Swan case. The Swan case is distinguishable from this case. There, this court held that the defendant was unaware of one of the rights that he was giving up and that's what rendered the guilty plea unknowing or involuntary and it was based on a misrepresentation by his attorney. So that case doesn't have anything to do with this one. There's no claim like that here. Fisher and Paylor, as we explained in the briefs, same thing and to your point, Judge Carson, those are materially distinguishable because in those cases, the courts relied on affirmative misrepresentations by law enforcement that either deceived a defendant into pleading guilty or induced the guilty plea and infected the entire criminal proceeding. There's no claim like that here. And so in addressing sort of what the district court did and then next, what Jordan argues on appeal, which I think are sort of two different things, the district court correctly addressed the claim that was before it the way that Mr. Jordan alleged it and then on appeal, with respect to these voluntariness arguments, plain error review applies and Mr. Jordan hasn't shown that, well, for number one, he sort of disclaimed any obligation to show plain error and so there, I think this court's precedents say, well, that argument then regarding voluntariness is waived but even if this court were to reach it, it would have to find that there was an error that was plain, meaning clearly established in the law and that there was prejudice and the facts just don't bear that out. I guess, finally, with respect to the prejudice, sort of what Mr. Jordan has to show in order to withdraw his guilty plea, it's not enough to just say, well, after the fact, well, I wouldn't have pled guilty, I would have done things differently. Under Lee versus United States, he has to point to contemporaneous evidence, that is evidence at the time that he pled guilty, that's where he can say, see, that shows, that in the record there shows that I wouldn't have pled guilty if I had known this thing. I would have gone to trial and he just has never tried to do that. All he says is, had I known about this, you know, government conduct, I wouldn't have pled guilty. That's not sufficient to overcome the admissions that he made under oath when he pled guilty. Unless there are any questions, I'd be happy to... Before you sit down, Judge Kelly, do you have any questions? No. All right. Thank you. Thank you. Could you give Appellant's counsel a minute? Could he have to? Because I'm going to ask him a question. Oh, yeah. Sure. Thanks. All right, thanks for the two minutes. Let me use up one of them real fast. So I'm looking at at least one of the orders that Judge Robinson had. I knew I wasn't crazy. Petitioner was prosecuted by AUSA's Chris Oakley, Trish Hunt, and Sherry Catania, who submitted affidavits stating they were not aware of the video recording, nor did they view the recording. And then later in the discussion, she's talking about Orduno Ramirez. And this may not be the order you're talking about, but it was attached to your brief. She says, As was the case in Orduno Ramirez, the government submitted an affidavit from the lead prosecutor stating that at no time during their involvement in the case did they view any video recording of Petitioner in a meeting with counsel at CCA. And it then goes on to talk about how Petitioner's sentencing bears no indicia of a tainted proceeding. So, I mean, it was something Judge Robinson was considering in this case. I mean, I don't know what, ultimately, maybe it means nothing. I mean, I guess that's, I hadn't thought about how she addressed the sentencing claims. I don't know how that plays into... Right, that's fine. I don't want to take up all your time on that. So you go ahead and say what you want. So, just to be clear, he did not, he filed, Jordan filed an affidavit saying, Had I known of this, I would have gone to trial. The government just stood up and said, He didn't do that. Yes, he did. He did that. No, I think they said it was conclusory. That he didn't set forth any contemporaneous evidence showing that he actually would have, other than just, I'm saying so. I don't know what that means. I mean, the man said, Had he known of this information, he would have gone to trial. I don't know how much more you need than that. You will create, if you agree with the government that you cannot, this is a categorical rule, that you cannot raise this, you will create a circuit split. Just so you know that. I'm out of time. Thank you. Thank you. All right. Thank you, counsel, for your arguments. You are excused.